NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 13 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| MITHIL PATEL,<br><br>              Petitioner,<br><br>   v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>              Respondent. | No. 23-1904<br><br>Agency No.<br>A241-880-573<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted September 11, 2024**
San Francisco, California

Before: BYBEE and MENDOZA, Circuit Judges, and M. FITZGERALD, District Judge.***

Mithil Patel, a native and citizen of India, petitions for review of a decision

by the Board of Immigration Appeals (BIA) affirming the Immigration Judge's (IJ)

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Michael W. Fitzgerald, United States District Judge for the Central District of California, sitting by designation.

denial of his requested continuance. We have jurisdiction under 8 U.S.C. § 1252. "Where the BIA conducts its own review of the evidence and law, rather than adopting the IJ's decision, our review is limited to the BIA's decision, except to the extent the IJ's opinion is expressly adopted." *Flores Molina v. Garland*, 37 F.4th 626, 632 (9th Cir. 2022) (citation omitted). We review claims of due process violations de novo and an IJ's denial of a continuance for abuse of discretion. *Arizmendi-Medina v. Garland*, 69 F.4th 1043, 1047, 1051 (9th Cir. 2023); *see also Cruz Rendon v. Holder*, 603 F.3d 1104, 1109 (9th Cir. 2010). We deny the petition for review.

"To prevail on a due process challenge to deportation proceedings, [the petitioner] must show error and substantial prejudice." *Lata v. I.N.S.*, 204 F.3d 1241, 1246 (9th Cir. 2000). When Petitioner's due process claim is premised on the IJ's denial of a continuance, we determine whether the IJ abused its discretion by evaluating a number of factors: "(1) the nature of the evidence excluded as a result of the denial of the continuance, (2) the reasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted." *Ahmed v. Holder*, 569 F.3d 1009, 1012 (9th Cir. 2009); *Cruz Rendon*, 603 F.3d at 1110; *see also Arizmendi-Medina*, 69 F.4th at 1051 ("An IJ's abuse of discretion . . . sheds light on whether a noncitizen was deprived of his due process rights.").

Mr. Patel was "granted multiple continuances over a 4-month period to obtain counsel and complete his asylum application." Two months prior to his last hearing, the IJ explained to Mr. Patel that if he was unable to retain an attorney, he should complete the asylum application himself and that he could supplement it later with evidence and additional documentation. The IJ explicitly warned Mr. Patel that he would have "one last chance to file the [asylum] application," and that if he did not complete the application by the next hearing, the IJ was going to consider it "abandoned." Although Mr. Patel confirmed that he understood this instruction, he appeared at the next hearing without a completed application. He did not indicate that he had any additional barriers that prevented him from filling out the application; he did not, for example, claim that his language, detention, or comprehension of the proceedings was an issue. He simply reiterated what he already told the IJ at the previous hearing: He was waiting for an attorney to fill out his form. By this point, the IJ had already explained to Mr. Patel that he can and should complete the form himself and had granted him three previous continuances to do so. Although the IJ could have granted him another continuance, it was not an abuse of discretion to deny his request and hold his claims abandoned. *See, e.g.*, *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008) (per curiam) (holding that the IJ did not abuse his discretion in denying a continuance when the IJ had previously granted a continuance).

Because the IJ did not abuse its discretion, Mr. Patel fails to establish any error to demonstrate a due process violation. *See Lata*, 204 F.3d at 1246 ("To prevail on a due process challenge to deportation proceedings, [the petitioner] must show error and substantial prejudice."); *cf. Arizmendi-Medina*, 69 F.4th at 1048–51 (finding due process violation when IJ provided ambiguous filing deadline, refused to accept petitioner's application on the day of the deadline, and denied a continuance to allow recently retained counsel to submit the application). Thus, the BIA did not err in affirming the IJ's decision.

**PETITION DENIED.**